# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

ALLEN L. DOVICO,

        Plaintiff,

v.

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

        Defendant.
_____/

Case No. 5:23-cv-329-JRK

## **OPINION AND ORDER**[2]

### I. Status

Allen L. Dovico ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of a torn medial meniscus in his right knee, degenerative disc disease in the spine, arthritis in all of his joints, nerve damage, limited range of motion in his neck and shoulders, frequent

---

[1] Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 9), filed July 24, 2023; Reference Order (Doc. No. 11), entered July 28, 2023.

headaches, tinnitus, insomnia, frequent heart burn, severe acid reflux, and depression. Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed July 24, 2023, at 82-83, 94-95, 111, 123, 290.

On June 25, 2018, Plaintiff protectively filed applications for DIB and SSI, alleging a disability onset date of April 7, 2018. Tr. at 258-59 (DIB).[3] The applications were denied initially, Tr. at 80, 82-93, 106, 136-38 (DIB); Tr. at 81, 94-105, 107, 139-41 (SSI), and upon reconsideration, Tr. at 108, 110-21, 134, 145-50 (DIB); Tr. at 109, 122-33, 135, 151-56 (SSI).

On May 27, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff (who appeared with a non-lawyer representative) and a vocational expert ("VE").[4] Tr. at 45-78. At the time of the hearing, Plaintiff was forty-eight (48) years old. Tr. at 51. On June 9, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 26-37.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted argument in support of the request. Tr. at 14-15

---

[3] The SSI application was not located in the administrative transcript. The DIB application was actually completed on August 24, 2018. See Tr. at 258. The protective filing date for both the DIB and SSI applications is listed elsewhere in the administrative transcript as June 25, 2018. Tr. at 82, 111 (DIB), 94, 123 (SSI).

[4] The hearing was held via telephone, with Plaintiff's consent, because of extraordinary circumstances caused by the initial stages of the COVID-19 pandemic. Tr. at 47.

(Appeals Council exhibit list and order), 255-57 (request for review). On November 13, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 11-13, making the ALJ's Decision the final decision of the Commissioner. On May 25, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint[5] (Doc. No. 1), through counsel, seeking judicial review of the Commissioner's final decision.

Plaintiff on appeal argues the ALJ erred at step two by failing to find Plaintiff's depressive disorder and anxiety are severe impairments, and then in assessing the relevant mental functioning criteria set forth in the Regulations, and at later steps, by failing to account for the impairments as part of the residual functional capacity ("RFC"). Plaintiff's Social Security Brief (Doc. No. 13; "Pl.'s Br."), filed August 23, 2023, at 11-17. On September 19, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 14; "Def.'s Mem.") addressing Plaintiff's argument. Then, Plaintiff on October 3, 2023 filed Plaintiff's Reply to Defendant's Brief (Doc. No. 15; "Reply"). After a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be affirmed.

---

[5] Plaintiff sought and received additional time from the Appeals Council to file a civil action. Tr. at 1-2, 4, 5-6, 10.

## II.  The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 28-36. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since April 7, 2018, the alleged onset date." Tr. at 28 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following

---

[6] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

severe impairments: degenerative disc disease, degenerative joint disease, and obesity." Tr. at 28 (emphasis and citation omitted). At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 29 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform less than the full range of light work as defined in 20 CFR [§§] 404.1567(b) and 416.967(b). He is able to perform jobs where he is allowed standing or sitting without leaving the workstation. He is able to occasionally climb stairs and ramps, kneel, crouch and crawl, frequently able to balance and stoop and never able to climb ladders, ropes or scaffolds. He must avoid concentrated exposure to cold and to hazards.

Tr. at 30 (emphasis omitted).

At step four, the ALJ relied on the VE's hearing testimony and found that Plaintiff "is unable to perform any past relevant work" as a "Beekeeper," a "Forklift operator," a "Kitchen manager," an "Assistant retail manager," a "Cook," and a "Janitor." Tr. at 35 (some emphasis and citation omitted). The ALJ then proceeded to the fifth and final step of the sequential inquiry. Tr. at 35-36. After considering Plaintiff's age ("46 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that

5

[Plaintiff] can perform," Tr. at 35-36 (emphasis omitted), such as "Toll collector," "Ticket taker," and "Ticket seller." Tr. at 36. The ALJ concluded Plaintiff "has not been under a disability . . . from April 7, 2018, through the date of th[e D]ecision." Tr. at 36 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation

omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in assessing his mental impairments at step two and in later steps. Pl.'s Br. at 11-17. According to Plaintiff, the ALJ should have found at step two that he suffers from severe mental disorders, and because the ALJ at later steps in the sequential inquiry did not sufficiently account for his mental impairments, the matter must be remanded for the ALJ to do so.[7] Id. Responding, Defendant argues Plaintiff did not meet his burden of showing at step two that he has severe mental impairments. Def.'s Mem. at 6-9. Further, Defendant contends the ultimate RFC assigned is supported by substantial evidence. Id. at 9-13.

Step two of the sequential evaluation process requires the ALJ to determine whether a claimant suffers from a severe impairment. See 20 C.F.R. § 404.1520(a)(4)(ii). At this step, "[a]n impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability

---

[7] Plaintiff actually seeks reversal with benefits, or in the alternative, remand. Pl.'s Br. at 17. This is not a reversal with benefits case.

7

to work[.]" Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). "This step is a 'threshold inquiry' and 'allows only claims based on the most trivial impairments to be rejected." Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1265 (11th Cir. 2019) (per curiam) (quoting McDaniel v. Bowen, 800 F.2d 1026, 1031 (11th Cir. 1986)).

"[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality." McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986). In the context of a Social Security disability benefits case, a condition is severe if it affects a claimant's ability to maintain employment. See id. A claimant has the burden of proving that impairments are severe. See Bowen, 482 U.S. at 146 n.5 (recognizing the claimant's burden of proof at step two to show "a medically severe impairment or combination of impairments"). Further, the impairment either "must have lasted or must be expected to last for a continuous period of at least 12 months." 20 C.F.R. § 404.1509; see also Walker v. Comm'r, Soc. Sec. Admin., 835 F. App'x 538, 542 (11th Cir. 2020) (unpublished).

A severe impairment interferes with a claimant's ability to perform "basic work activities." See Bowen, 482 U.S. at 141; Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(c)). The Regulations provide six examples of "basic work activities": "(1) Physical

8

functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers, and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522; see also Walker, 835 F. App'x at 541-52. "The finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." Burgin v. Comm'r of Soc. Sec., 420 F. App'x 901, 902 (11th Cir. 2011) (unpublished).

Any error in identifying severe impairments at step two is harmless if "the ALJ considered all of [the] impairments in combination at later steps in the evaluation process." Burgin, 420 F. App'x at 903 (citation omitted); see Schink, 935 F.3d at 1268 (a step two error "could be harmless if the ALJ nevertheless proceeded in the sequential evaluation, duly considered [the claimant's] mental impairment when assessing his RFC, and reached conclusions about [the claimant's] mental capacities supported by substantial evidence"); Heatly, 382 F. App'x at 825 (stating that an "ALJ is required to demonstrate that [he or she] has considered all of the claimant's impairments, whether severe or not, in combination"); Bowen v. Heckler, 748 F.2d 629, 635

9

(11th Cir. 1984) (finding that an ALJ must make "specific and well-articulated findings as to the effect of the combination of impairments").

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink, 935 F.3d at 1268); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, the ALJ recognized diagnoses of "anxiety and depressive disorder due to another medical condition, learning disability in math, [and] specific phobia" but found "[t]hese impairments did not impose any functional limitations." Tr. at 29. Then, the ALJ assessed the broad areas of mental functioning set forth in the Regulations and 20 C.F.R. Part 404, Subpart P, Appendix 1, and found Plaintiff has mild restriction in understanding,

10

remembering, or applying information; mild restriction in interacting with others; no restriction in concentrating, persisting, or maintaining pace; and no restriction in adapting or managing oneself. Tr. at 29. At step two, the ALJ concluded that because there is no more than mild limitation in the functional areas, Plaintiff's mental impairments are not severe. Tr. at 29.

Later, when addressing the medical evidence and assessing the RFC, the ALJ noted Plaintiff's relatively wide-range activities of daily living. Tr. at 33; see Tr. at 385 (vocational evaluation dated October 30, 2019 indicating activities of daily living), 471 (physical evaluation dated October 16, 2018 indicating no restrictions in almost all daily living activities). The ALJ further observed that the physical consultative examiner, Samer Choksi, M.D., indicated on October 16, 2018 that Plaintiff did not exhibit signs of anxiety or depression despite purporting to suffer from them. Tr. at 31; see Tr. at 471-72. The ALJ then discussed, in detail, a consultative personality, learning disability, and general intellectual assessment performed by Muhamed S. Khan, a clinical psychologist. Tr. at 32-33; see Tr. at 524-36. According to the ALJ:

> On August 26, 2019 and August 28, 2019, [Dr.] Khan conducted . . . personality, learning disability and general intellectual assessments. [Plaintiff] was early for the appointment. There were no grooming and hygiene deficits. Eye contact was minimal. His motor activity was marked by discomfort over sitting for the duration of the session resulting in him, getting up,

11

> walking, and stretching. On mental status exam, his speech was mildly pressured with a wide vocabulary and no observed expressive and/or receptive communication deficits. He had no difficulty remaining on task over the session but his attentiveness appeared to be hampered by his reported pain experience. He was oriented to person, place, time and situation. His mood could be described as angry and truculent during the session with a restricted range of effect. He reported a history and current symptoms of depression and anxiety. He denied a history or current suicidal attempts and/or inpatient psychiatric care. [Plaintiff] has no mental health treatment. There were issues with memory retrieval. He reported sleeping about 3/24 hours. His thought processes were goal directed. His insight and judgment were poor. Dr. Khan administered The Wechsler Adult Intelligence Scale-IV (WAIS IV). [Plaintiff] showed a Full Scale IQ score of 94, which is in the Average intellectual functioning level. [Plaintiff's] verbal reasoning abilities are much better developed than his nonverbal reasoning abilities. [Plaintiff's] reasoning abilities on verbal tasks are generally in the high average range (VCI=110), while his nonverbal reasoning abilities are significantly lower and in the average range (PRI=94). His ability in processing simple or routine visual material without making errors is in the borderline range when compared to his peers (PSI=79). Based on the WRAT-V test showed that he meets the criteria for learning disability in the area of Mathematics. Dr. Khan provided diagnoses for depressive disorder due to another medical condition, anxiety disorder due to another medical condition, specific phobia, situational, learning disorder with impairment in Mathematics, posttraumatic stress disorder (rule out), and antisocial personality disorder (traits). Dr. Khan indicated that [Plaintiff] denied a history of mental health treatment.

Tr. at 32-33 (citations omitted). Later, the ALJ found Plaintiff's statements about the intensity, persistence, and limiting effects of his symptoms are only

partially supported. Tr. at 33. In so finding, the ALJ determined that Dr. Khan's report was "partially persuasive as not completely supported by medical evidence of record." Tr. at 34. The ALJ recognized that Plaintiff's "mental capacity was objectively evaluated," but found that "there is no specific function to function opinion and no mental health treatment of record, which makes it less persuasive." Tr. at 34-35. When assessing Plaintiff's RFC, the ALJ did not include any mental limitations. Tr. at 30.

Plaintiff particularly challenges the ALJ's finding that he only has mild restriction in interacting with others, citing instances of hostility and anger during the examination by Dr. Khan. Pl.'s Br. at 13. Plaintiff also indicates that the ALJ's finding of no limitations in adapting or managing oneself is not supported. Id. To be sure, there is documentation of Plaintiff's frustration, hostility and anger during the examination. See Tr. at 524-36. There is also documentation of Plaintiff inaccurately representing his symptoms and abilities during testing. See Tr. at 528-33. In light of this evidence, together with Plaintiff's representation to the evaluator that their interaction was Plaintiff's "first encounter with a mental health provider," Tr. at 526, the ALJ could reasonably have determined that Plaintiff's mental functioning was greater than Plaintiff alleged and that he had only mild restriction in interacting with others. Moreover, the ALJ's finding that Plaintiff has no

13

limitations in adapting and caring for himself is supported by substantial evidence.

Plaintiff also contends the ALJ should have further addressed the matters at later steps, but the ALJ did so. The evidence on Plaintiff's mental impairments was scant, as the ALJ recognized.[8] Tr. at 31. The ALJ discussed, in detail, the consultative evaluation of Dr. Khan (summarized above) but found it only partially persuasive and lacking in function analysis. This finding is supported by substantial evidence. The ALJ, then, was not obligated to include mental restrictions in Plaintiff's RFC.

## V.  Conclusion

The ALJ's Decision is supported by substantial evidence. In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

---

[8] This fact alone distinguishes the instant case from an unrelated case decided by the undersigned that Plaintiff cites in his Reply. See Reply at 1-2 (citing Patel v. Kijakazi, No. 8:22-cv-1082-JRK, 2023 WL 6173449, at *6 (M.D. Fla. Sept. 22, 2023)).

14

    2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on August 28, 2024.

                                JAMES R. KLINDT
                       United States Magistrate Judge

kaw
Copies:
Counsel of Record